# IN THE COURT OF APPEALS OF IOWA

No. 20-1673
Filed October 6, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL BEARD,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Christopher L. Bruns,

Judge.

        A defendant appeals his consecutive sentences for four counts of sexual

abuse in the third degree.  **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.

        Considered by Tabor, P.J., Badding, J., and Doyle, S.J.*

        * Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**TABOR, Presiding Judge.**

Michael Beard admitted engaging in sex acts with a fifteen-year-old girl who lived in his household. But after pleading guilty to four counts of sexual abuse in the third degree, Beard insisted at his sentencing that the victim was the aggressor. Beard took no responsibility in his allocution: "Not one time I was the first to touch her. She always put me in these uncomfortable positions." Struck by Beard's lack of remorse, the district court imposed consecutive sentences of ten years on each conviction, for a total term not to exceed forty years. Beard now contends that sentence was too harsh.[1] Because the record shows the district court considered both mitigating and aggravating factors, we affirm its exercise of discretion.[2]

In contesting his consecutive sentences, Beard argues the district court should have given more weight to his psychosexual assessment report that showed he posed a low to moderate risk of reoffending. He points out the presentence investigation (PSI) report did not recommend that the court boxcar the terms for his four convictions.

We reject Beard's argument for three reasons. Working backwards, although the sentencing court may consider recommendations in the PSI report, it

---

[1] The State contends we should dismiss this appeal because Beard did not have "good cause" to appeal under Iowa Code section 814.6(1)(a)(3). The State cites *State v. Damme*, 944 N.W.2d 98 (Iowa 2020) and *State v. Boldon*, 954 N.W.2d 62 (Iowa 2021), but differentiates the sentencing claims allowed by our supreme court in those cases. We decline to read *Damme* and *Boldon* so narrowly. Because Beard "challenges the sentencing hearing and his sentence," we conclude he has shown "good cause to pursue this direct appeal as a matter of right." *See Boldon*, 954 N.W.2d at 69.

[2] We review the sentencing order for the correction of legal error. *See State v. Damme*, 944 N.W.2d at 103. We will reverse if the prison term reveals an abuse of discretion or arises from a defect in the sentencing procedure. *Id.* (citing *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)).

is not bound by them. *See State v. Headley*, 926 N.W.2d 545, 551 (Iowa 2019). As for the risk assessments, the sentencing court noted that it would rely on the psychosexual evaluation and that it was "actually favorable" to Beard. But in the end, the court gave greater weight to Beard's own statements during allocution. Beard blamed the child for "playing her games" and the child's mother for not making the child leave him alone. Beard did say he was sorry, but only because he could no longer go home.

The sentencing court focused on Beard's vociferous blame shifting:

> I have determined largely based on the statement and allocution which, although earnest, shows really no remorse and an intention to blame others. And I would tell you, Mr. Beard, even if all this transpired in the fashion you described, there was an adult in this relationship and as an adult it was your obligation to extricate yourself from the situation even if that meant leaving the house. You did not do that.
> Instead, you engaged in at least four acts of sexual abuse because you've admitted four acts of sexual abuse. That is a very heinous act. . . .
> And your lack of acceptance of responsibility for the conduct and your repeated statements that what you're sorry about is the impact this has had on you shows very little remorse and in my mind makes it entirely appropriate to make all these . . . consecutive sentences.

The court also noted the offenses were forcible felonies that carried mandatory prison terms. So its reasoning applied to the consecutive sentences. *See State v. Hill*, 878 N.W.2d 269, 273–74 (Iowa 2016) (discussing Iowa Rule of Criminal Procedure 2.23(3)(d)).

We discern no abuse of discretion in the sentencing decision. The court was free to highlight Beard's failure to appreciate the consequences of his actions. *See State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005) (holding lack of remorse was "highly pertinent" to defendant's need for rehabilitation and chances of reform).

Beyond that reason, the record shows the court considered appropriate factors in imposing the sentence, including Beard's age, the nature of his offenses, his family circumstances, the PSI recommendations, and relevant information from the victim impact statements.  *See* Iowa Code § 907.5(1) (2019).  Because the district court properly exercised its discretion, we will not disturb the consecutive sentences.

**AFFIRMED.**